**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| ROBERTO BUSTOS OCAMPO, | : | MOTION TO VACATE |
| Reg. No. 63112-019, | : | 28 U.S.C. § 2255 |
|     Movant, | : | |
| | : | CRIMINAL NO. |
| v. | : | 1:11-CR-462-WSD-GGB-2 |
| | : | |
| UNITED STATES OF AMERICA, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:14-CV-1726-WSD-GGB |

**FINAL REPORT AND RECOMMENDATION**

Movant, Roberto Bustos Ocampo, confined in the McRae Correctional Institution in McRae, Georgia, has submitted a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody ("motion to vacate"). [Doc. 243]. Respondent has filed a response in opposition. [Doc. 245]. For the reasons discussed below, I recommend that the motion to vacate be denied.

I.   Background

On May 31, 2012, Movant pleaded guilty to conspiracy to possess with the intent to distribute heroin, cocaine, and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), (b)(1)(A)(ii), & (b)(1)(A)(viii) and 846. [Docs. 122 and 160]. On December 19, 2012, Movant was sentenced to 120 months of imprisonment followed by five years of supervised release. [Doc. 203]. Movant appealed, and on

March 19, 2014, the Eleventh Circuit dismissed the appeal pursuant to the appeal waiver in Movant's plea agreement. [Docs. 208 and 241].

Movant timely executed his motion to vacate on June 2, 2014. [Doc. 243 at 6].[1] Movant raises the following grounds: (1) Respondent breached the plea agreement; (2) the Court abused its discretion in imposing the sentence; (3) the sentence violates Movant's due process rights; and (4) the sentence is illegal. [*Id.* at 4-5].

II.    <u>28 U.S.C. § 2255 Standard</u>

A motion to vacate, set aside, or correct sentence may be made "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28 U.S.C. § 2255(a). "[C]ollateral review is not a

---

[1] On May 5, 2014, Movant filed a motion for leave to proceed *in forma pauperis*, and that motion is currently pending before the District Judge. [Doc. 242 at 1]. I note that there is no filing fee for a motion to vacate, and thus Movant need not have sought leave to proceed *in forma pauperis* for that purpose. However, Movant also sought a free copy of his plea agreement. [*Id.* at 2]. Movant was apparently able to access the agreement after filing his motion for leave to proceed *in forma pauperis* because he cited the agreement in his brief in support of the motion to vacate. [*See* Doc. 243-2 at 8, 13].

substitute for a direct appeal . . . ." *Lynn v. United States*, 365 F.3d 1225, 1232 (11th Cir. 2004) (per curiam).  Section 2255 relief "is reserved for transgressions of constitutional rights and for that narrow compass of other injury that could not have been raised in direct appeal and would, if condoned, result in a complete miscarriage of justice." *Id.* (quoting *Richards v. United States*, 837 F.2d 965, 966 (11th Cir. 1988) (per curiam)) (internal quotation marks omitted).

"Generally, if a challenge to a conviction or sentence is not made on direct appeal, it will be procedurally barred in a 28 U.S.C. § 2255 challenge" unless the movant "overcome[s] this procedural default by showing both cause for his default as well as demonstrating actual prejudice suffered as a result of the alleged error." *Black v. United States*, 373 F.3d 1140, 1142 (11th Cir. 2004).[2]

---

[2] "[T]o show cause for procedural default, [a § 2255 movant] must show that some objective factor external to the defense prevented [him] or his counsel from raising his claims on direct appeal and that this factor cannot be fairly attributable to [his] own conduct." *Lynn*, 365 F.3d at 1235.  To demonstrate actual prejudice, a movant must show that the alleged error "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Reece v. United States*, 119 F.3d 1462, 1467 (11th Cir. 1997) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).  As an alternative to showing cause and actual prejudice, a § 2255 movant may overcome a procedural default if "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Lynn*, 365 F.3d at 1234-35 (quoting *Mills v. United States*, 36 F.3d 1052, 1055 (11th Cir. 1994) (per curiam)) (internal quotation marks omitted).  "Actual innocence means factual innocence, not mere legal innocence."

A § 2255 movant "has the burden of sustaining his contentions by a preponderance of the evidence." *Tarver v. United States*, 344 F. App'x 581, 582 (11th Cir. 2009) (per curiam) (quoting *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).  The Court need not conduct an evidentiary hearing when "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief . . . ." 28 U.S.C. § 2255(b).  I determine that an evidentiary hearing is not needed because the motion to vacate and the files and records of this case conclusively show that Movant is not entitled to relief.

III.  Discussion

  A.  Ground One

Movant first claims that Respondent breached the provision in the plea agreement "to recommend that [Movant] be sentenced at the low end of the adjusted [United States Sentencing Guidelines] range." [Doc. 243 at 4].  This claim is procedurally defaulted because Movant did not raise it on direct appeal.[3]  *See*

---

*Id.* at 1235 n.18 (internal quotation marks omitted).

[3] Movant's plea agreement contains an appeal waiver, but the waiver does not bar a claim that the agreement was breached. *See United States v. Valencia*, 456 F. App'x 875, 877 (11th Cir. 2012) (per curiam) (citing *United States v. Copeland*, 381 F.3d 1101, 1105 (11th Cir. 2004).

4

Brief for Appellant at 1, *United States v. Bustos Ocampo*, No. 13-10217-DD (11th Cir. Dec. 23, 2013).  Movant has neither shown cause and actual prejudice, nor has he presented proof of actual innocence.

Even if Movant had overcome his default, his claim would fail.  Movant states that his guideline range was 63 to 78 months, but he contends that Respondent "asked at sentencing for 120 months . . . ." [Doc. 243 at 4].  As Respondent points out, Movant was subject to a statutory minimum sentence of 120 months.  [Doc. 245 at 7-9].  If there had been no statutory minimum, Movant's guideline range would have been 63 to 78 months.  [*Id.*].  However, "[w]here a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."  U.S.S.G. § 5G1.1(b).  Therefore, Respondent's sentencing recommendation could not have constituted a breach of the plea agreement.

     B.     <u>Grounds Two, Three, and Four</u>

Respondent argues that the appeal waiver in Movant's plea agreement bars grounds two, three, and four.  [Doc. 245 at 9-11].  Respondent cites the following excerpt of the plea agreement:

5

> **LIMITED WAIVER OF APPEAL**:  To the maximum extent permitted by federal law, the Defendant voluntarily and expressly waives the right to appeal his conviction and sentence and the right to collaterally attack his conviction and sentence in any post-conviction proceeding (including, but not limited to, motions filed pursuant to 28 U.S.C. § 2255) on any ground, except that the Defendant may file a direct appeal of an upward departure or a variance from the sentencing guideline range as calculated by the district court.

[*Id.* at 4; Doc. 160-1 at 12].  Movant signed the agreement, indicating that he had (1) read and understood its terms and conditions, and (2) consented to them.  [Doc. 160-1 at 13, 14].

"It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."  *Williams v. United States*, 396 F.3d 1340, 1341 (11th Cir. 2005).  "[T]he government must show that either (1) the district court specifically questioned the defendant concerning the sentence appeal waiver during the [plea] colloquy, or (2) it is manifestly clear from the record that the defendant otherwise understood the full significance of the waiver."  *Id.* (quoting *United States v. Bushert*, 997 F.2d 1343, 1351 (11th Cir. 1993)).

Respondent cites the following excerpt of the plea colloquy:

> THE COURT:  Now, ordinarily after a sentence is imposed, you could appeal the sentence.  But you have reached a provision in your plea agreement in which you basically have given up your rights to challenge your sentence or your conviction, which would happen

6

> today if I accept your plea and find you guilty.  You have agreed
> basically not to challenge it in any way.
> 	And there are actually two ways you can generally challenge in
> the absence of a plea agreement your conviction or your sentence.  One
> is by an appeal which would immediately follow your sentencing, and
> one is by what we call a collateral attack, which is a separate lawsuit
> that's filed if your appeal has been unsuccessful.
> 	You have said that you are not going to do either of those two
> things, that you are not going to challenge in any way your conviction
> and you are not going to challenge in any way your sentence. . . .  Do
> you understand that?
> 	DEFENDANT BUSTOS OCAMPO:  Yes.

[Doc. 245 at 5-6; *see also* Doc. 232 at 31-32].  That excerpt shows that the District Court specifically questioned Movant concerning the sentence appeal waiver, and Movant indicated that he understood.  Therefore, Movant knowingly and voluntarily waived his right to appeal and collaterally attack his conviction and sentence.

As Respondent also points out, Movant cannot challenge his appeal waiver because the Eleventh Circuit has upheld it.  [Doc. 245 at 11].  "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." *United States v. Nyhuis*, 211 F.3d 1340, 1343 (11th Cir. 2000) (quoting *United States v. Natelli*, 553 F.2d 5, 7 (2d Cir. 1977)).  Accordingly, the waiver bars grounds two, three, and four in Movant's motion to

7

vacate, regarding (1) the Court's alleged abuse of discretion in imposing the sentence (ground two), and (2) the constitutionality and legality of the sentence (grounds three and four).

IV.   Certificate of Appealability (COA)

Pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . .  If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the [motion to vacate] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted).

> When the district court denies a [motion to vacate] on procedural grounds without reaching the prisoner's underlying constitutional claim . . . a certificate of appealability should issue only when the

> prisoner shows both that jurists of reason would find it debatable whether the [motion] states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Jimenez v. Quarterman*, 555 U.S. 113, 118 n.3 (2009) (citing *Slack*, 529 U.S. at 484) (internal quotation marks omitted).

A COA should be denied because the resolution of the issues presented is not debatable. If the Court adopts this recommendation and denies a COA, Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." 28 U.S.C. foll. § 2255, Rule 11(a).

V.   Conclusion

Based on the foregoing, I **RECOMMEND** that the motion to vacate [Doc. 243] be **DENIED** and a certificate of appealability be **DENIED**.

The Clerk is **DIRECTED** to terminate the referral of the § 2255 motion to me.

9

**IT IS SO RECOMMENDED**, this   4th   day of   August  , 2014.

*Gerrilyn G. Brill*
GERRILYN G. BRILL
UNITED STATES MAGISTRATE JUDGE