IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

ROBERTO BUSTOS OCAMPO,

    Movant,

v.

UNITED STATES OF AMERICA,

    Respondent.

1:11-cr-462-WSD

## OPINION AND ORDER

This matter is before the Court on Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [246] ("R&R"). The R&R recommends the Court deny Movant Roberto Bustos Ocampo's ("Movant") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody [243] ("Motion to Vacate"). Also before the Court is Movant's motion for leave to proceed *in forma pauperis* [242].

I.    BACKGROUND

On May 31, 2012, Movant pleaded guilty to conspiracy to possess with the intent to distribute heroin, cocaine, and methamphetamine, in violation of 21 U.S.C. §§ 841(b)(1)(A)(i), (b)(1)(A)(ii), & (b)(1)(A)(viii) and 846. (See [122], [160]). On December 19, 2012, Movant was sentenced to 120 months of

imprisonment followed by five years of supervised release. ([203]). Movant appealed, and, on March 19, 2014, the Eleventh Circuit dismissed the appeal pursuant to the appeal waiver in Movant's plea agreement. (See [208], [241]).

On June 2, 2014, Movant filed his Motion to Vacate. In it, he raises the following grounds: (1) the Government breached the plea agreement; (2) the Court abused its discretion in imposing his sentence; (3) the sentence violates Movant's due process rights; and (4) the sentence is illegal. (Mot. to Vacate at 4-5).

On August 4, 2014, the Magistrate Judge issued her R&R. In it, the Magistrate Judge found that Movant's first ground is procedurally defaulted because Movant did not raise it on direct appeal. She found Movant' remaining grounds fail because Movant's appeal waiver bars those claims, and the Eleventh Circuit has upheld his appeal waiver. The Magistrate Judge also recommended that a Certificate of Appealability ("COA") not be issued. Movant did not file any objections to the R&R.

## II.  DISCUSSION

### A.  Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams

v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where, as here, no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

 B. Analysis

Movant argues that the Government breached the plea agreement, because his guideline range was 63 to 78 months, but the Government asked at sentencing for 120 months.  The Magistrate Judge found Movant's first ground is procedurally defaulted because Movant did not raise it on direct appeal, and he has neither shown cause and actual prejudice, nor has he presented proof of actual innocence.  (R&R at 4-5).  She further found that, even if Movant had overcome his default, his claim would fail because he was subject to a statutory minimum sentence of 120 months, and his sentencing could not have constituted a breach of the plea agreement.  The Court finds no plain error in these findings and recommendation.  See Slay, 714 F.2d at 1095.

Movant next argues that the Court abused its discretion in imposing his sentence, the sentence violates Movant's due process rights, and the sentence is

illegal. The Magistrate Judge found Movant's remaining grounds fail because Movant's appeal waiver bars them. The Court agrees. See Williams v. United States, 396 F.3d 1340, 1341 (11th Cir. 2005) ("It is well-settled that sentence-appeal waivers are valid if made knowingly and voluntarily."). The Magistrate Judge found that Movant knowingly and voluntarily waived his right to appeal and collaterally attack his conviction and sentence. She also found that Movant cannot challenge his appeal waiver because the Eleventh Circuit has upheld it. The Court agrees. See United States v. Nyhuis, 211 F.3d 1340, 1343 (11th Cir. 2000) ("[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255."). Accordingly, the Magistrate Judge denied Movant's remaining grounds for relief. The Court finds no plain error in these findings and recommendation, and Movant's Motion to Vacate is denied. See Slay, 714 F.2d at 1095.

The Magistrate Judge also recommended that a COA should be denied because the resolution of the issues presented is not debatable. The Court finds no plain error in these findings and recommendation, and a COA is denied. Movant is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a), Rules

Governing § 2255 Proceedings.[1]

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Gerrilyn G. Brill's Final Report and Recommendation [246] ("R&R") is **ADOPTED**.

**IT IS FURTHER ORDERED** that Movant's Motion to Vacate [243] is **DENIED**.

**IT IS FURTHER ORDERED** that a Certificate of Appealability is **DENIED**.

**IT IS FURTHER ORDERED** that Movant's motion for leave to proceed *in forma pauperis* [242] is **DENIED AS MOOT**.

---

[1] Movant's motion for leave to proceed *in forma pauperis* is denied as moot, because there is no filing fee required for a motion to vacate. The motion also seeks a free copy of Movant's plea agreement, but, as the Magistrate Judge noted, it appears Movant was able to access the agreement after filing his motion, because he cited the agreement in his Motion to Vacate.

**SO ORDERED** this 27th day of April, 2016.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE